United States District Court
Southern District of Texas

**ENTERED**

June 21, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1145 |
| U.S. VENTURE, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER TO PAY COSTS

On May 9, 2022, the court entered a Final Judgment (Docket Entry No. 124) in favor of Defendant, U.S. Venture, Inc. ("USV"). On May 23, 2022, USV filed a Bill of Costs ("Defendant's Bill of Costs") (Docket Entry No. 125) seeking costs in the amount of $59,454.63 against the Plaintiff, Sunoco Partners Marketing & Terminals L.P. ("Sunoco"). USV also filed the Declaration of Kimberly K. Dodd in Support of U.S. Venture, Inc.'s Bill of Costs ("Dodd Declaration in Support of Defendant's Bill of Costs") (Docket Entry No. 126). Sunoco has filed Plaintiff Sunoco's Objections to Defendant's Bill of Costs ("Plaintiff's Objections") (Docket Entry No. 127), USV has filed U.S. Venture's Response to Sunoco's Objections to Bill of Costs ("Defendant's Response to Plaintiff's Objections") (Docket Entry No. 128), and the Declaration of Kimberly K. Dodd in Support of U.S. Venture's Response to Sunoco's Objections to Bill of Costs ("Dodd Declaration in Support of Defendant's Response") (Docket Entry No. 129). Sunoco has filed Plaintiff Sunoco's Reply in Support of its

Objections to Bill of Costs ("Plaintiff's Reply") (Docket Entry No. 135).  For the reasons explained below Plaintiff's Objections to Defendant's Bill of Costs will be sustained in part and overruled in part, Sunoco will be ordered to pay USV costs in the amount of $35,350.80.  Execution of this Order to Pay Costs will be stayed until thirty (30) days after the United States Court of Appeals for the Federal Circuit issues a mandate in Sunoco's appeal.

## I.  **Standard of Review**

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Taxation of costs under Rule 54(d) is a matter within the court's discretion.  See Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2001 (2012) ("[Rule] 54(d) gives courts the discretion to award costs to prevailing parties.").  Nevertheless, Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs," Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir.), cert. denied, 127 S. Ct. 299 (2006), and

> [a]s a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so."  Id. at 794 (quoting Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985)).

Id.  The court may only tax as costs the expenses that are listed in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

See Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S. Ct. 2494, 2497-98 (1987).  Costs that are not authorized by statute or contract must be borne by the party incurring them.  See id. at 2498.  See also Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993), cert. denied, 114 S.Ct. 1303 (1994) ("a district court may decline to award costs listed in the statute but may not award costs omitted from the list").  "If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed."  Baisden v. I'm Ready Productions, Inc., 793 F.Supp.2d 970, 973 (S.D. Tex. 2011).  However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred for use in the case rather than merely for discovery or for the convenience of counsel.  Id. at 977 (citing Fogleman v. ARAMCO (Arabian American Oil Co.), 920 F.2d 278, 285 (5th Cir. 1991)).

-3-

## II.  <u>Analysis</u>

Defendant's Bill of Costs seeks $59,454.63 as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[1]  Sunoco objects

> to the inclusion of $30,896.33 in surcharges and ancillary deposition expenses that do not fall within the list of recoverable items in 28 U.S.C. § 1920[, . . . and] to the inclusion of $9,076.00 in costs for deposition videos that were not necessary for use in the case and therefore duplicative to the cost of the written transcripts.  Accordingly, Sunoco requests that USV's Bill of Costs be reduced from $59,454.63 to **$19,482.30**.[2]

Sunoco sets forth the specific costs to which it objects in two tables; the first showing surcharges and ancillary deposition expenses totaling $30,896.33;[3] and the second showing expenses for deposition videos totaling $9,076.00.[4]  Sunoco also argues that "[p]ayment for [a]ny [a]ssessed [c]osts [s]hould be [s]tayed [u]ntil Sunoco's [a]ppeal [i]s [d]enied."[5]

---

[1]Docket Entry No. 125.  <u>See also</u> Spreadsheet, Exhibit 1 to Dodd Declaration in Support of Defendant's Bill of Costs, Docket Entry No. 126-1, p. 3.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Plaintiff's Objections, Docket Entry No. 127, p. 1.

[3]<u>Id.</u> at 4-5.

[4]<u>Id.</u> at 6-7.

[5]<u>Id.</u> at 7.  <u>See also</u> Plaintiff's Reply, Docket Entry No. 135, p. 6.

USV responds that it "[n]o [l]onger [r]equests [c]ertain of the [d]eposition-[r]elated [c]osts,"[6] but argues that it is maintaining its requests for $6,792.50 for "Video-MPEG/Digitizing," and for $1,330.00 for "Video Digitization & Transcript Sync,"[7] because the video depositions were necessarily obtained for use in the case.[8]   Because it has agreed to forego certain deposition costs, e.g., for video electronic access and for concierge tech support, USV is now seeking costs in the amount of $36,680.80.[9] Asserting that Sunoco has not lodged specific objections to the costs for video depositions of the following witnesses, USV agues that those costs are presumed taxable:

> (1) Martin Tomczyk; (2) Todd Patterson; (3) Jerry Selinger; (4) Charles Lieder; (5) Charles Maier; (6) Elyse Stackhouse; (7) Daniel Morrill; (8) Christopher Lamirande; (9) Michael Koel; (10) James Malackowski; and (11) Eric Kessenich.[10]

USV "does not oppose staying enforcement of any award of costs pending Sunoco's appeal."[11]

---

[6]Defendant's Response to Plaintiff's Objections, Docket Entry No. 128, p. 4

[7]Id.

[8]Id. at 4-9.

[9]Spreadsheet, Exhibit 1 to Dodd Declaration in Support of Defendant's Response, Docket Entry No. 129-1, p. 11.

[10]Defendant's Response to Plaintiff's Objections, Docket Entry No. 128, pp. 7-8.  Despite USV's contention to the contrary, Sunoco has objected to video deposition cost for Charles Maier.  See Plaintiff's Objections, Docket Entry No. 127, p. 6.

[11]Id. at 11.

Sunoco replies that it "will accept USV's representation that the "MPEG/Digitizing" charge on some invoices is a charge for the video itself, and accordingly withdraw its objection to those costs for USV witnesses . . . in an effort to narrow the disputes for the Court to resolve."[12]  However, Sunoco

> maintains its objection to USV's request for "Digitizing & Transcript Synchronization" costs, because the description and invoices make clear those are a separate charge for "synchronizing" the video with the transcript. USV's Response does not explain why that synchronization was necessary.  Therefore it is not recoverable.[13]

Sunoco also

> maintains its objection to USV's request for the costs associated with the video depositions of Sunoco witnesses. USV's Response focuses on its own witnesses that it may need for its case-in-chief at trial.  But USV never explains why videos of Sunoco witnesses were reasonably necessary in this case.  Accordingly, it has not met its burden to recover those costs.
>
> Removing those costs, the maximum USV should recover is **$23,513.90**. . .[14]

Sunoco identifies the Sunoco witnesses as: (1) Harri Kytomaa; (2) Charles Maier; (3) Elizabeth Parzanese; (4) Joseph Colella; (5) John Legge; and (6) Jeffrey Compton.[15]

---

[12]Plaintiff's Reply, Docket Entry No. 135, p. 2.

[13]Id.

[14]Id.

[15]Plaintiff's Objections, Docket Entry No. 127, pp. 6-7.

**A.    Sunoco's   Objections   to   USV's   Request   for   Transcript Synchronization Costs will be Sustained**

Three of the invoices USV has submitted contain costs for "Digitizing & Transcript Synchronization," totaling $1,330.00.[16] Citing <u>Royall v. Enterprise Products Co.</u>, Civil Action No. 3:19-cv-92, 2021 WL 4198400 (S.D. Tex. March 17, 2021), Sunoco objects to the $1,330.00 that USV seeks for "Digitizing & Transcript Sync" because

> these do not appear to be charges for the actual
> transcripts, exhibits, videos, or the time of the court
> reporter and videographer, which appear to be billed
> [differently]. . . .[B]ased on their description, these
> are charges for unnecessary modifications to the
> transcripts or videos, done for the convenience of the
> attorneys. These charges for "digitizing" and "syncing"
> are therefore not recoverable.[17]

In <u>Royall</u> the court found persuasive other cases from this district in which the courts "declined to award [costs for] video-synchronization charges." <u>Id.</u> at * 3 & n. 27 (collecting cases).

Citing <u>Faludi v. U.S. Shale Solutions, LLC</u>, Civil Action No. H-16-3467, 2020 WL 2042322 (S.D. Tex. April 28, 2020), USV responds that Sunoco

> is incorrect. These are the charges for obtaining the
> deposition videos. This is clear from the fact that
> (1) the only other line items on the invoices for these

---

[16]<u>See</u> Exhibit 2 to Dodd Declaration in Support of Bill of Costs, Docket Entry No. 126-2, p. 9 ($285.00 billed on invoice for depositions of Andrew Kieper and Logan Brandt), 11 ($570.00 billed on invoice for depositions of Darrin Tedford, Pete Abel and Tim Van den Langenberg), and 13 ($475.00 billed on invoice for depositions of Paul Gibowski, Richard Theis, and Vaughn Parker).

[17]Plaintiff's Objections, Docket Entry No. 127, p. 3. <u>See also</u> Plaintiff's Reply, Docket Entry No. 135, p. 2.

videos are "Media and Cloud Services" and "Shipping and
Handling" and (2) that USV received the videos.  Because
Sunoco has incorrectly assumed these charges were not
"charges for the . . . videos," it has not objected to
the video costs for these nine videos and, therefore,
these videos should be taxed.[18]

USV notes that "[t]o the extent the 'Video - Digitizing &

Synchronization' charges do not parse out the portion for the

synchronization, this Court has broad discretion to award that

cost."[19]  In <u>Faludi</u> this court awarded costs for video depositions

based on the defendant's explanation that they were necessary

because of uncertainty as to whether the deponents would be

available to testify at trial and because there would likely be a

credibility issue as to their testimony, but declined to award

costs for post-production video services because the defendant did

not respond to the plaintiff's objection that costs for those

services were not recoverable.  2020 WL 2042322, at *2.

Asserting that the charges for Media and Cloud Services "are

the charges for the actual video cost," Sunoco replies that

the synchronization cost is just what it describes — an
additional cost for syncing the transcript with the
video.

Importantly, the costs for <u>creating</u> the videos do
not appear on these invoices to USV because these are all
witnesses that Sunoco deposed, meaning Sunoco paid for
the video creation costs.  <u>See</u>, <u>e.g.</u>, DE 126-2 at 40
(showing additional charges for creating the videos when
it was a Sunoco witness deposed by USV).  USV's only cost

---

[18]Defendant's Response, Docket Entry No. 128, p. 5.

[19]<u>Id.</u> n. 1.

-8-

to receive a copy was the $42.00 disc fee, which Sunoco is not objecting to. But USV should not recover the additional $1,330 in synchronization costs that were purchased for USV's convenience. Accordingly, the costs in USV's Response should be reduced [by $1,330] to $336.00 as shown below:

| Witness(es) | USV Requested Amount (DE 128 at 4) | Reduction (Sync Costs) | Correct Costs |
|---|---|---|---|
| Tedford, Abel, and Vanden Langenberg | $696.00 | $570.00 | $126.00 |
| Gibowski, Theis, and Parker | $601.00 | $475.00 | $126.00 |
| Kieper and Brandt | $369.00 | $285.00 | $84.00 |
| | | | |
| Total Requested | $1,666.00 | | |
| Total Deduction | | $1,330.00 | |
| Correct Costs | | | $336.00[20] |

The invoices at issue lists costs for media and cloud services on a "per disk" basis, costs for video digitizing and transcript synchronization, and costs for shipping and handling video media.[21] Because the invoice for the video of Sunoco witness Charles Maier — who USV deposed — includes a number of additional charges associated with creation of the video,[22] the court finds Sunoco's argument that the costs USV seeks to recover for digitization and

---

[20]Plaintiff's Reply, Docket Entry No. 135, pp. 3-4.

[21]See Exhibit 2 to Dodd Declaration in Support of Bill of Costs, Docket Entry No. 126-2, pp. 9, 11, and 13.

[22]See id. at 40 (invoice for Sunoco witness Charles Maier, which includes charges for video-initial services, video-additional hours, video-MPEG/Digitizing, and video-electronic access).

transcript synchronization are incidental, post-production costs incurred for the convenience of the attorneys more persuasive than USV's argument that they are costs incurred to obtain the videos. Because courts in this district commonly decline to award costs for post-production video-synchronization, Sunoco's objection to USV's request for "Digitizing & Transcript Synchronization" costs totaling $1,330.00 will be sustained.

**B.    Sunoco's Objections to USV's Request for the Costs of Video Depositions of Sunoco's Witnesses will be Overruled**

Defendant's Bill of Costs seeks the cost of videotape recordings for all 24 of the depositions for which it has requested transcripts, totaling $23,196.56.[23]    In response to Sunoco's objections, USV eliminated its requests for many categories of costs, but maintained its requests for Video Digitization and Transcript Synchronization addressed in § II.A, above, and for Video-MPEG/Digitizing.[24]

In reply Sunoco accepts USV's representation that charges for "MPEG/Digitizing" on some invoices are charges for the video itself and withdraws its objection to those costs for USV witnesses.[25]    But "Sunoco maintains its objection to USV's request for the costs

---

[23]See Spreadsheet, Exhibit 1 to Dodd Declaration in Support of Bill of Costs, Docket Entry No. 126-1, p. 3.

[24]Defendant's Response to Plaintiff's Objections, Docket Entry No. 128, p. 4.

[25]Plaintiff's Reply, Docket Entry No. 135, p. 2.

-10-

associated with the video depositions of Sunoco witnesses,"[26]
arguing that

> USV's Response focuses on its own witnesses that it may
> need for its case-in-chief at trial.   But USV never
> explains why videos of Sunoco witnesses were reasonably
> necessary in this case.  Accordingly, it has not met its
> burden to recover these costs.[27]

Citing <u>Baisden</u>, 793 F. Supp. 2d at 977, Sunoco argues that

> [t]his Court has allowed additional video costs when the
> videos were used at trial and only recorded for witnesses
> whose live attendance at trial was uncertain or whose
> credibility was disputed. . . .  USV has failed to
> establish either.  There was no trial in this case and
> USV has not shown that it would be reasonably necessary
> to have videos of Sunoco witnesses at trial.    In
> particular, USV's Response does not explain why the
> testimony of Sunoco's witnesses is necessary for USV's
> case-in-chief (where it may have played a video).  It
> also does not argue that the credibility of any of
> Sunoco's witnesses was disputed or that video depositions
> would be needed for that purpose.  Indeed, in the prior
> trial USV used a paper transcript when attempting to
> impeach a Sunoco witness.  <u>See</u> DE 127-2 at 91:20-92:25.
>
>     USV's only counter argument is essentially "you
> never know what you might need."  But of course that is
> always true.  USV has not explained why each video of
> Sunoco witnesses was reasonably necessary in this case.
> Accordingly, USV should not recover $11,732.50 in costs
> for videos of Sunoco witnesses.[28]

In <u>Baisden</u> the court observed that a deposition need not be
introduced into evidence in order to be necessary, and that costs

---

[26]<u>Id.</u>

[27]<u>Id.</u>

[28]<u>Id.</u> at 4-5.   <u>See</u> <u>especially</u> Table on p. 5 detailing the
specific costs  to which Sunoco objects for the following six
witnesses: Harri Kytomma, Charles Maeir, Elizabeth Parzanese,
Joseph Colella, John Legge, and Jeffrey Compton.

may be recovered if the prevailing party shows that "'a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery.'"  793 F. Supp. 2d at 977 (quoting Fogleman, 920 F.2d at 285).  The court allowed costs for both videotaped and stenographic versions of the depositions for which the prevailing party requested costs but noted that "[v]ideo depositions were taken for several, but not all the witnesses in [the] case," defendants showed portions of several of the videos during the trial, and the plaintiff did not dispute that the only videos taken were of witnesses whose live attendance was uncertain or whose credibility was sharply disputed.  Id. at 977-78.

"Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court."  Fogleman, 920 F.3d at 285-86.  While Sunoco argues that USV has failed to establish either that it is uncertain that the Sunoco witnesses will be available for trial or that their credibility will be disputed, the court is persuaded that USV necessarily obtained the video depositions of Sunoco's witnesses for use in the case.  Sunoco's arguments to the contrary ignore several relevant facts.  For example, USV has asserted that

> all of the requested video costs were necessarily obtained for use in this case because, at the time they were taken, the depositions could reasonably be expected to be used for trial preparation and not merely for discovery.  Nor were the videos obtained merely for the convenience of counsel.[29]

_____

[29]Defendant's Response, Docket Entry No. 128, pp. 9-10.

-12-

USV has also asserted without objection that "[o]f the 24 witnesses deposed, all but four (Elizabeth Parzanese, Jeffrey Compton, Todd Patterson, and Jerry Selinger) are outside the subpoena power of the Court."[30]  In addition, three of Sunoco's witnesses (Elizabeth Parzanese, Charles Maier, and Joseph Colella), including two of whom are outside the subpoena power of the court (Charles Maier and Joseph Colella), are Sunoco's Rule 30(b)(6) designees.[31]  Patent litigation is often complex, and the litigation between these parties has a long and tortuous history.  Sunoco does not argue that when the video depositions were taken and the stenographic versions were produced, USV did not reasonably expect to use both the video and stenographic versions of the depositions to prepare for and to try this case.  Moreover, as this court observed in Baisden, "it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication."  793 F. Supp. 2d at 977 (quoting Farnsworth v. Covidien, Inc., Civil Action No. 4:08CV01689, 2010 WL 2160900, at * 2 (E.D. Mo. May 28, 2010)).  Based on the facts and circumstances of this case, the

---

[30]Id. at 11.

[31]March 18, 2021, Email from Mike Krill to Kimberly K. Dodd identifying Sunoco's Rule 30(b)(6) witnesses, Exhibit 2 to Dodd Declaration in Support of Defendant's Response, Docket Entry No. 129-2, p. 2.

court finds that USV necessarily obtained videotaped versions of
the depositions of Sunoco's witnesses, Harri Kytomaa, Charles
Maier, Elizabeth Parzanese, Joseph Colella, John Legge, and Jeffrey
Compton, for use in this case.  See Eolas Technologies Inc. v.
Adobe Systems, Inc., 891 F.Supp.2d 803, 806 (E.D. Tex. 2012),
aff'd, 521 F. App'x 928 (Fed. Cir. 2013) (awarding costs for both
written transcripts and videos of depositions noting that "[i]n a
large patent case such as this, it is common for parties to capture
depositions electronically so that they may be used as part of the
trial presentation.  These cases involve complex technical issues
and the needs at trial are often not fully known until the eve of
trial.").  See also Vital v. Varco, Civil Action No. 4:12-cv-1357,
2015 WL 7740417, at *2 (S.D. Tex. November 30, 2015) (Rosenthal,
J.) (concluding that costs were taxable for the plaintiffs'
depositions, as the defendant "reasonably expected to use the
videotape recordings to prepare for and to try the case") (citing
Favata v. National Oilwell Varco, L.P., Civil Action No. 2:12-cv-
82, 2014 WL 5822781, at *2 (S.D. Tex. November 10, 2014) ("[C]ourts
in this district have often awarded deposition costs for both a
written transcript and video recording when considered appropriate
trial preparation under the circumstances of the particular case.
Accordingly, Sunoco's objections to the costs that USV seeks for
video depositions of Sunoco's witness will be overruled.

## C.    Amount of Costs to be Paid and Stay of Execution

In response to Sunoco's objections, USV has significantly reduced the amount of costs it seeks from $59,404.63 to $36,680.80.[32]  Because for the reasons stated in §§ II.A-B, above, the court will sustain Sunoco's objection to USV's request for "Digitizing & Transcript Synchronization" costs totaling $1,330.00, and overrule Sunoco's objection to USV's request for the cost of obtaining videotapes for depositions of Sunoco's witnesses, the amount of costs that Sunoco will be ordered to pay USV is $35,350.80 ($36,680.80 - $1,330.00).

Because USV does not oppose Sunoco's request that execution of an order to pay costs be stayed until Sunoco's appeal is finalized, this Order to Pay Costs will be stayed until thirty (30) days after a mandate issues in Sunoco's appeal.

## III.   Conclusions and Order

For the reasons stated in § II.A above, Sunoco's objection to USV's request for "Digitizing & Transcript Synchronization" costs totaling $1,330.00 is **SUSTAINED**; and for the reasons stated in § II.B, above, Sunoco's objection to the costs that USV seeks for

---

[32]See Defendant's Bill of Costs, Docket Entry No. 125, and Spreadsheet, Exhibit 1 to Dodd Declaration in Support of Defendant's Bill of Costs, Docket Entry No. 126-1, p. 3 (initial request of $59,404.63); and Spreadsheet, Exhibit 1 to Dodd Declaration in Support of Defendant's Response, Docket Entry No. 129-1, p. 11 (revised request of $36,680.80).

-15-

video depositions of Sunoco's witness is **OVERRULED**.  Accordingly, Plaintiff Sunoco's Objections to Defendant's Bill of Costs, Docket Entry No. 127, are **SUSTAINED IN PART and OVERRULED IN PART**.

For the reasons explained in § II.C, above, Sunoco is **ORDERED to PAY COSTS** in the amount of **$35,350.80**.  This Order to Pay Costs is **STAYED** until thirty (30) days after the United States Court of Appeals for the Federal Circuit issues a mandate in Sunoco's appeal.

**SIGNED** at Houston, Texas, on this 21st day of June, 2022.

_____
                    SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE